The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

## I. (a) PLAINTIFFS

POK SEONG KWONG, WEI CHEN, and AN YUAN

## DEFENDANTS

AMERICAN FLOOD RESEARCH, INC.

**3 02CV-2189R**

(b) County of Residence of First Listed Plaintiff **DALLAS**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

OCT - 8

(c) Attorney's (Firm Name, Address, and Telephone Number)
DODGE, ANDERSON & JONES, P C  (972) 960-3200
HAROLD D JONES
5400 LBJ FREEWAY, SUITE 800
DALLAS, TX 75240

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R R & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **PERSONAL INJURY** | **LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 362 Personal Injury— Med Malpractice | ☐ 710 Fair Labor Standards Act | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 365 Personal Injury — Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS** | **PERSONAL PROPERTY** | **SOCIAL SECURITY** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 370 Other Fraud | ☐ 861 HIA (1395ff) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 371 Truth in Lending | ☐ 862 Black Lung (923) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 380 Other Personal Property Damage | ☐ 863 DIWC/DIWW (405(g)) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 385 Property Damage Product Liability | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | |
| | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | **FEDERAL TAX SUITS** | |
| | | ☐ 530 General | ☐ 870 Taxes (U S Plaintiff or Defendant) | |
| | | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 740 Railway Labor Act | | |
| | | ☐ 790 Other Labor Litigation | | |
| | | ☐ 791 Empl Ret Inc Security Act | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U S Civil Statute under which you are filing and write brief statement of cause Do not cite jurisdictional statutes unless diversity)

42 U S C § 2000e-3(a) (1994) -- RACE, NATIONAL ORIGIN, AND RELIGIOUS DISCRIMINATION AND RETALIATION

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R C P 23

DEMAND $ _____

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE 10/07/02

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



FILED
OCT - 8 2002
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| POK SEONG KWONG, WEI CHEN, AND AN YUAN, § § § § Plaintiffs, § § vs. § § AMERICAN FLOOD RESEARCH, INC., § § Defendant. § | NO. _____ 3 02CV-2189R |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE U.S. DISTRICT COURT:

NOW COME POK SEONG KWONG ("Kwong"), WEI CHEN ("Chen"), and AN YUAN ("Yuan"), (collectively, "Plaintiffs") and file this their complaint against AMERICAN FLOOD RESEARCH, INC., ("Defendant" or "AFR"), and for cause of action would respectfully show as follows:

### I.

### FACTUAL BACKGROUND

1. All three Plaintiffs are Chinese immigrants.[1] Plaintiffs were employees of American Flood Research, Inc. ("AFR"). Kwong was the Director of the Information Technology ("IT") Department at AFR. Chen and Yuan worked for Kwong in the IT Department. Plaintiffs were terminated on November 17, 2001, in retaliation for making a written complaint of race, national origin and religious harassment and discrimination. Plaintiffs filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

---

[1] Defendant Kwong is Malaysian-Chinese.

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**  Page - 1
115300 2/9686 01/LP

2.  The racial, national origin, and religious discrimination and harassment at AFR was directed primarily by AFR's Vice President for Operations, Brian Catalano. AFR had become a racially hostile workplace for Plaintiffs because:

- **English-only Rule.** Brian Catalano told the Plaintiffs on several different occasions they could not speak Mandarin/Chinese at any time while in the office. Brian Catalano threatened action against Plaintiffs if they continued to speak anything other than English. There was no such language restriction rule on Hispanic workers at AFR. The only time Plaintiffs spoke Chinese was during personal phone calls to friends or family, or in casual conversation between them. For work purposes, Plaintiffs always spoke English.

- Brian Catalano made numerous comments about the way Plaintiffs spoke English, constantly saying Plaintiffs had "poor English" and were "not understandable".

- **Racial insults** about Plaintiffs' lunch at the office. Brian Catalano made offensive comments and jokes about Plaintiffs' traditional Chinese food, such as, "you guys eat chicken feet and internal organs". This created a hostile working environment, and Plaintiffs even stopped bringing their lunch because they got tired of the "jokes."

- There was a distinct pattern of **disparate treatment** at AFR with regard to pay. Plaintiffs averaged 20+ hours of overtime per week, because they were forced to do so by Brian Catalano. However, Brian Catalano did not make those same demands on non-Asian IT workers.

- Brian Catalano applied a double-standard in the workplace, yelling, "Guys, get it done! I don't care if you have to work 24 hours." to Plaintiffs, but never made similar comments to non-Asian IT workers.

- Brian Catalano, on November 8, 2001, told Chen and Kwong they could not take breaks. Brian Catalano said he noticed that Chen and Kwong had started to take breaks recently and had not done so in the past. Brian Catalano never questioned non-Asian IT workers taking breaks.

- Brian Catalano instructed Kwong on several occasions not to hire any additional Chinese IT workers since AFR already had the three Plaintiffs. Brian Catalano also implied Kwong should not hire African-American employees.

- **Religious Discrimination.** Kwong is a Buddhist, and is required to worship twice per month during lunchtime. For that reason, Kwong usually took a one and half hour lunch on those two days, and always made up the time by working overtime. Nevertheless, Brian Catalano was always unhappy about this and he retaliated against Kwong, setting unreasonable time lines on Kwong's work as a consequence of Buddhist prayer time.

- Plaintiffs were forced to work on weekends as a matter of course. Brian Catalano intentionally created additional stress and excessive workloads for the Plaintiffs. Yuan is a Christian, but because of the demands at work, he seldom was able to attend church. Other employees at AFR confirmed that Brian Catalano took advantage of Plaintiffs.

- **A "glass ceiling" at AFR.** Kwong worked for AFR for over six years, starting with the job title of Director of IT. Kwong helped AFR build its IT infrastructure. However, Kwong was never given authority in dealing with budgeting or setting IT project time lines, and had no control over hiring and firing of the workers who were in his department. Brian Catalano hired non-Asian IT workers himself, and had them report directly to him, undermining Kwong's authority. While Kwong's title was Director of IT, he was the functional equivalent of a Sr. Software Engineer. Kwong was also not evaluated based strictly on performance.

- **Cruel treatment of Chen.** Chen had not seen his mother in China in ten years when he made a vacation request several months in advance and got it approved by Brian Catalano. Chen's mother was aging and he had needed to visit her for a while. Chen had not had two consecutive days of vacation the entire time he worked at AFR. At the last possible moment, in fact, the morning before he was to leave, Brian Catalano told Chen that he needed to cancel Chen's vacation due to pending projects and Chen was to finish his projects before he could take any vacation.

- Brian Catalano and AFR took advantage of Plaintiffs' skills and professionalism, but discriminated against Plaintiffs in the terms and conditions of employment.

3. On Wednesday, November 14, 2001, after verbal complaints proved futile, the Plaintiffs mailed a joint letter to AFR formally confronting AFR with the discrimination issues and requesting AFR take a variety of actions (some monetary, some non-monetary) to right these severe injustices. Plaintiffs promised to exercise their civil rights (while not leaving their jobs) under Title VII and file Charges of Discrimination with the EEOC.

4. On Friday, November 16, 2001, and during the ensuing weekend, AFR owner/executives Brian Catalano and Rick Catalano, and other representatives of AFR, including Robert Ogle, retaliated as a "mob" against Plaintiffs by:

- Barging into An Yuan's home, physically threatening him; and demanding return of documents and things;

- Going to one or more of the Plaintiffs' homes (and in one case, to the home of the fiancée of one of the Plaintiffs) close to midnight, and beating on the doors in a loud and threatening manner, and yelling threats;

- Terminating each Plaintiff's employment publicly, in humiliating fashion, by taping an open-faced letter, accusing each of misconduct, on their front doors.

- Acting with aggression in an openly hostile and violent manner towards the Plaintiffs (and their loved ones) in order to intimidate them;

- Driving a car into An Yuan's driveway, terrorizing Yuan's wife and minor son, and tried to forcibly enter the garage while honking the horn and turning on bright headlights to blind Ms. Yuan;

- Harassing and intimidating the Plaintiffs' wives (Kwong and Yuan) and fiancée (Chen) as well as Yuan's minor son;

- Physically chasing Chen's car on foot, while yelling threats;

- Leaving voice-mails threatening jail-time, and demanding the Plaintiffs meet them at insecure places.

5. This weekend of terror against the Plaintiffs shocked and scared them and their families deeply. Several of the Plaintiffs, as well as An Yuan's wife, had to seek treatment from health care professionals, due to severe stress and panic problems stemming from these events. At one point during the weekend, the Plaintiffs had to make a 911 distress call, and seek the assistance of law enforcement. Only the presence of law enforcement saved the Plaintiffs and their loved ones from the onslaught.

6. Plaintiffs filed Charges with the EEOC.

7. Kwong, Chen and Yuan were issued Notice of Right to Sue letters by the EEOC on or about September 20, 2002. To comply with those Notices, and to seek federal remedies granted under federal law, Kwong, Chen and Yuan now file this federal complaint.

## II.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction of this case under Title VII of the Civil Rights Act of 1964 as amended, at 42 U.S.C. §§ 2000(e) *et seq,* ("Title XII").

9. Plaintiffs have complied with all jurisdictional prerequisites.

10. Plaintiffs have submitted their complaints to the Equal Employment Opportunity Commission ("EEOC") and have received Notice of Right to Sue letters. *See, Exhibits A, B, and C, Notice of Right to Sue letters.*

11. The claims asserted in this complaint arose in part in Dallas County, Texas, a city in the Northern District of Texas.

12. Venue in this district is proper under 28 U.S.C. §1391.

## III.

## THE PARTIES

13. Kwong is an individual residing in Dallas County, Texas.

14. Chen is an individual residing in Collin County, Texas.

15. Yuan is an individual residing in Collin County, Texas.

16. AFR is a Texas corporation with its principal place of business at 1820 Preston Park Blvd., Suite 1100, Plano, Texas 75093. It may be served with process through any of its officers: Richard, Patrick, or Brian Catalano, at 1820 Preston Park Blvd., Suite 1100, Plano, Texas 75093. AFR is registered with the Texas Secretary of State to lawfully conduct business in this state.

## IV.

## CAUSES OF ACTION

### A. Employment Discrimination on the Basis of Race, National Origin and Religion.

17. Plaintiff alleges and incorporates by reference all preceding paragraphs.

18. Defendant is an "employer" within the meaning of Title VII. At all relevant times, Defendant had more than fifteen employees.

19. Defendant openly discriminated and harassed Plaintiffs on the basis of race, national origin, and religion, and eventually terminated Plaintiffs on the basis of race, national origin, and religion in violation of Title VII.

20. These violations by Defendant were willful and intentional. These acts of discrimination and harassment were the proximate cause of damages to the Plaintiffs.

### B. Retaliation.

21. Plaintiff alleges and incorporates by reference all preceding paragraphs.

22. Defendant terminated Plaintiffs in a cruel and outrageous fashion as retaliation for complaining in good faith about Title VII bias.

23. Defendant's conduct was so willful and intentional, Plaintiffs are entitled to punitive damages.

## V.

## DAMAGES

24. As a result of the above-referenced illegal actions, Plaintiffs are entitled to reasonable compensation, as determined by the facts, for lost wages (past and future), lost benefits (past and future), mental anguish (past and future), psychological pain and suffering (past and future), costs, and punitive damages.

25. The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the Court allows the imposition of exemplary damages. Defendant acted with an evil and sadistic intent to harm Plaintiffs. The conduct was intentional, with conscious indifference to the rights of Plaintiffs and without justification or excuse. It was not enough to threaten and intimidate Plaintiffs, Defendant sought as prey, Plaintiffs' wives, children and girlfriends. This fact multiplies the damages incurred in this case. Plaintiffs have not and will not be able to fully recover from the direct and proximate effects of Defendant's wrongful actions for many years to come.

## VI.

## **PRAYER AND RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon hearing, the Court grant unto them:

1. Actual damages, compensatory damages, back and future wages, and lost benefits (past and future);

2. Attorneys' fees;

3. Costs of Court;

4. Punitive damages; and

5. All other relief, both at law and in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**DODGE, ANDERSON & JONES, P.C.**

By: _____
Harold D. Jones
State Bar No. 10894020
James W. Winblood
State Bar No. 00794871
One Lincoln Centre
5400 LBJ Freeway, Suite 800
Dallas, Texas 75240-6223
Telephone: (214) 960-3200
Facsimile: (214) 960-3221

**ATTORNEYS FOR PLAINTIFFS**